IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ADRIAN PALMER, | § | |
| | § | |
| v. | § | NO. A-06-CA-147 SS |
| | § | |
| JO ANNE B. BARNHART, | § | |
| COMMISSIONER OF THE SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE SAM SPARKS
UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff's Original Complaint (Clerk's Doc. No. 8); Plaintiff's Brief (Clerk's Doc. No. 24); Defendant's Brief in Support of the Commissioner's Decision (Clerk's Doc. No. 28); and the Social Security Record filed in this case (Cited as "Tr."). Plaintiff appeals from the Administrative Law Judge's (ALJ) determination that he is not "disabled" and presents the following cognizable issues for review: (1) whether the ALJ's decision properly considered substantial evidence of Plaintiff's physical and mental impairments; (2) whether the ALJ's decision gave proper weight to the opinions of Plaintiff's doctor that he is "disabled" and unable to work.

**I.  BACKGROUND**

Plaintiff, a 34 year old high school graduate, alleges that he became disabled on October 24, 2004, due to a back injury sustained in a car accident. Subsequent to that accident, he was involved in another car accident. Plaintiff also alleges he suffers from disabling anxiety and depression. Prior to his first accident, Plaintiff worked as an operator for Southwestern Bell. He has also worked in a food processing plant on the production line and in shipping and receiving, as a telemarketer, an

electrical helper, a janitor, as a baggage handler for American Airlines, and as a warehouse worker. Tr. 306-310.

Plaintiff testified at his hearing that his back was injured in his October 2004 accident and that his wife was also injured and unable to work. Plaintiff testified that he took care of his wife after the accident. He also testified that he would rate his back pain as a four on a scale of one to ten and that he could sit for over an hour without pain. Tr. 312. Plaintiff testified that after the accident he also became depressed. Tr. 313. Plaintiff testified that medication has not helped his depression. Tr. 314. Plaintiff testified that he and his wife were separated, that he spends time at a homeless shelter to get food, but that he also spends time at their home. Tr. 314. Plaintiff testified that he drives some, but that he mainly stays at home while his wife works. Tr. 316.

Plaintiff testified that he is taking Lexipro for his depression and Klonopin. Tr. 318-319. He stated that he and his wife argue every day about money and "everything else." Tr. 319. Plaintiff stated that he is about to lose his home, lost his car, and is "mad at the world." *Id.*

The Medical Expert, Dr. Barbara Felkins, testified that Plaintiff was subjected to a neuropsychological exam the results of which were invalid, although on IQ and achievement tests Plaintiff tested at a satisfactory level. Tr. 321. Dr. Felkins testified that Plaintiff was diagnosed with an adjustment disorder in 2005. At that time, Plaintiff's doctor continued Plaintiff on Paxil. Tr. 321. After Plaintiff was terminated from his job, Plaintiff was seen by an MHMR doctor who, after seeing Plaintiff "a couple" of times, diagnosed Plaintiff as suffering from major depression and gave him an RFC of "disabled." Tr. 322. Dr. Felkins testified that in her opinion, the progress notes in the file did not support this diagnosis and that looking at Plaintiff's chart he did not meet or equal any listing. Tr. 322. Dr. Felkins also testified that there is no objectively quantifiable evidence to

support Plaintiff's claims of a severe orthopaedic impairment. Tr. 322. Dr. Felkins testified that Plaintiff's diagnosis of major depression has been relatively recent, and prior to that diagnosis he had been diagnosed with an adjustment disorder, which is not a severe psychiatric problem. Tr. 322. Also, Dr. Felkins testified that there is no evidence how Plaintiff would respond to continuous medication because he has been on and off medication for his depression. Tr. 323.

## II. ANALYSIS

Along with many other arguments that are not reviewable in a social security appeal, Plaintiff contends that the ALJ did not properly consider his physical and mental impairments when he found that Plaintiff did not suffer from a "severe" impairment at step two of the sequential evaluation process. Specifically, Plaintiff asserts that the ALJ ignored the diagnosis of Dr. Flume that he suffers from major depression. Tr. 115, 138, 281-283. The Court construes this argument to mean that the ALJ improperly ignored certain evidence in the record and only cited to evidence that supported his decision. Because Plaintiff is proceeding *pro se* and his arguments are not clearly articulated, in the interest of thoroughly reviewing his claims, the Court also construes this argument as one that the ALJ did not give proper weight to the opinion of Plaintiff's treating doctor, Dr. Flume.

Even construed in a manner most favorable to the Plaintiff, these arguments fail. In Social Security disability appeals, the limited role of the reviewing court is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standard. *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Villa v.*

*Sullivan*, 895 F.2d 1019, 1021-22 (5th Cir. 1990). Here, it is clear that the ALJ properly considered Plaintiff's physical and mental impairments. *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000).

Regarding his mental impairments, the record reflects that Plaintiff was evaluated by Dr. David Steinman, Ph.D., on October 19, 2004, and October 21, 2004. Tr. 215-220. Dr. Steinman determined that Plaintiff's "test validity indicators were not within acceptable limits, and consequently, cognitive test results cannot be considered a valid indicator of cognitive functioning." Tr. 216. Dr. Steinman's records reflect that Plaintiff spent his time working, helping his wife run her cleaning business, and doing ministry work for his church. Tr. 216. Dr. Everest Whitehead, one of Plaintiff's treating physicians, noted that Plaintiff's "exaggerated poor performance seemed to be exaggerated ADHD – suspects personality disorder." Tr. 245.

The ALJ also relied upon the mental capacity assessment of two non-examining medical experts, Dr. Richard Alexander and Dr. J.D. Marler, who both found Plaintiff's mental impairments to be not severe. Tr. 140-152. Dr. Marler reported that Plaintiff showed "signs and symptoms of a mild generalized anxiety disorder" but that Plaintiff's activities of daily living are not significantly restricted. Tr. 152. The report also concluded that Plaintiff's alleged symptoms and limitations are not wholly credible. *Id.*

Plaintiff was treated by Dr. Arvinder Walia, M.D., from December 20, 2004 to May 9, 2005. Tr. 156-162. Dr. Walia diagnosed Plaintiff with an adjustment disorder with mixed anxiety and depression. Tr. 164. Plaintiff was continued on his Paxil and Xanax. Tr. 165. Plaintiff reported to Dr. Walia that he had given up on returning to his job at SBC, but that he was trying to start a new job working as a loan officer and was trying to obtain a real estate license. Tr. 160. Dr. Walia reported that as of January 31, 2005, Plaintiff's symptoms of depression were in remission. *Id.* On

March 14, 2005, Dr. Walia reported that Plaintiff was compliant with his medications and that his moods were controlled. Tr. 158. On May 9, 2005, Dr. Walia reported that Plaintiff had lost his job and had stopped taking his medication, but there were no acute changes in his depression. Tr. 156-157.

Supporting his claim that the ALJ failed to fully consider his impairments, Plaintiff relies upon the medical source statement of Dr. David Flume identifying Plaintiff as suffering from marked or moderate impairments in all areas of functioning, and various local government forms filled out by Dr. Flume identifying Plaintiff as "disabled." Tr. 115, 138, 281-283.

Pursuant to the Fifth Circuit decision in *Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000), an ALJ may reject or accord little weight to the testimony of a treating physician if the ALJ performs a detailed analysis of the § 404.1527(d) factors.[1] However, the Fifth Circuit has held that the ALJ need only perform a detailed analysis of the treating physician's views if there is no "reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist." *Newton v. Apfel*, 209 F.3d 448, 454 (5th Cir. 2000). Thus, *Newton* does not apply where there is conflicting first-hand medical evidence and the ALJ finds as a factual matter that one doctor's opinion is better supported than another, 209 F.3d at 458, or when the ALJ weighs the treating physician's opinion on disability against the medical opinions of other treating physicians who have developed contrary opinions based on specific medical evidence. *Id*. The ALJ may also reject the

---

[1]These factors include (i) the length of the treatment relationship and frequency of examination; (ii) the nature and extent of the treatment relationship; (iii) the relevant evidence such as medical signs and laboratory findings to support the opinions; (iv) the consistency of the particular opinion with the rest of the record as a whole; (v) whether the medical opinion is given by a specialist about medical issues related to his area of specialty; and (vi) any other relevant factors. *Id.;* 20 C.F.R. §§ 404.1527(d) (disability benefits claimants), 416.927(d) (SSI benefits claimants); SSR 96-2p (discussing SSA regulations on giving weight to treating physicians' opinions).

opinion of any physician without applying the *Newton* factors, when the evidence supports a different conclusion or when an opinion is brief, conclusory, or unsupported by acceptable techniques. *Spellman v. Shalala*, 1 F.3d 357, 354-65 (5th Cir. 1993). In this case, Dr. Flume's medical source statement and opinion that Plaintiff suffers from major depression is conclusory and completely unsupported by any diagnostic techniques and thus need not have been considered by the ALJ at all. In spite of this, the ALJ still considered Dr. Flume's statement and found that it was not supported by the evidence in the record because at the time he rendered that opinion, Dr. Flume had only treated Plaintiff for two months and there are no treatment progress notes to support Dr. Flume's determination. Additionally, the ALJ relied upon the opinion of Plaintiff's treating physician, Dr. Walia, that Plaintiff suffered from an adjustment disorder treatable by medication, in rejecting Dr. Flume's opinion. Accordingly, *Newton* does not apply, and the ALJ did not err in his consideration of Dr. Flume's opinions.

Additionally, Plaintiff points to two documents in support of his claim – a form entitled "Certification of Disability" for the Housing Authority of the City of Austin and a form qualifying Plaintiff for free bus fares also dated July 2005. In the first one-page form Dr. Flume certified on July 24, 2005, that "Adrian Palmer is disabled according to the HUD definition." Tr. 115. On the second form, Dr. Flume checked "yes" to the question "Does the applicant have a permanent mental disability?" However, Dr. Flume checked "no" to the question, "Does the applicant have a physical or mental disability as defined by the ADA that substantially limits one of the major life activities?" Tr. 138. *Newton* only applies to a *medical* opinion rendered by a treating physician, not to a *legal* opinion that the claimant is disabled or unable to work. *Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003). Thus, the ALJ properly did not consider this evidence.

With regard to Plaintiff's physical impairments, the Court finds that the ALJ's determination that these impairments were not severe is supported by substantial evidence in the record. Plaintiff was in a motor vehicle accident on October 24, 2004. On November 3, 2004, his chiropractor released Plaintiff back to work. Tr. 227. On January 10, 2005, Plaintiff was discharged from all physical therapy. Tr. 206. The physical therapist reported that Plaintiff showed Waddell's signs, which are indicative of malingering. *Id.* In February 2005, Plaintiff was involved in another motor vehicle accident. After this accident x-ray results were uniformly negative with all results essentially normal. Tr. 252-256. Thus the Magistrate Court finds the ALJ's determination that Plaintiff's impairments are not severe is supported by substantial evidence.

### III.  RECOMMENDATION

Given the foregoing, the Magistrate Court **RECOMMENDS** that the District Court **AFFIRM** the decision of the Commissioner and **ENTER JUDGMENT** in favor of the Defendant.

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 22nd day of February, 2007.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE